UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 20-48595

KATRINA MARIE STEWART,                          Chapter 7

        Debtor.                                 Judge Thomas J. Tucker
_____/

K. JIN LIM, TRUSTEE,

        Plaintiff,

v.                                              Adv. Pro. No. 21-4213

KATRINA MARIE STEWART, *pro se*,

        Defendant.
_____/

**OPINION REGARDING THE PLAINTIFF TRUSTEE'S
MOTION FOR DEFAULT JUDGMENT,
AND DISMISSAL OF TRUSTEE'S CLAIMS**

**I. Introduction**

This adversary proceeding raises issues about the grounds for revoking a Debtor's

discharge under 11 U.S.C. §§ 727(d)(1) and 727(d)(2).

This case is before the Court on the Plaintiff Chapter 7 Trustee's motion for a default

judgment against the Defendant-Debtor (Docket #10, the "Motion"). The Trustee's two-count

complaint (Docket # 1) seeks to revoke the Debtor's discharge under 11 U.S.C. §§ 727(d)(1)

(Count I), and 727(d)(2) (Count I[I]). On November 18, 2021, the Court filed an order requiring

the Plaintiff to file a written supplement to the Motion (Docket # 11, the "November 18 Order"),

to answer the following questions:

> 1.      Should the Court decline to grant a default judgment on
>         Count I of the Trustee's complaint (revocation of discharge

based on 11 U.S.C. § 727(d)(1)), and instead dismiss that count, on the ground that the Debtor made the post-petition transfer at issue several months after she obtained her discharge, such that the transfer cannot be the basis for a claim that the Debtor obtained her discharge through fraud?

2.      Should the Court decline to grant a default judgment on Count [II] of the Trustee's complaint (revocation of discharge based on 11 U.S.C. § 727(d)(2)), and instead dismiss that count, on the ground that the property that the Debtor transferred in the post-petition transfer at issue was not property that the Debtor acquired post-petition?

The Court will further consider the Motion after the Plaintiff Trustee files the required supplement.

On November 29, 2021, the Plaintiff filed her supplement to the Motion. (Docket # 12, the "Supplement"). The Court has reviewed and considered the Motion and the Supplement. For the reasons explained below, the Court will decline to grant a default judgment to the Plaintiff, because the Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Court also will dismiss both counts of the Plaintiff's complaint, but give the Plaintiff an opportunity to file an amended complaint.

## II. Facts

On August 10, 2020, the Defendant-Debtor Katrina Marie Stewart ("Stewart") filed a voluntary petition for relief under Chapter 7, commencing Case No. 20-48595. At all times, the Debtor has been represented by an attorney in the bankruptcy case. Stewart's attorney has received notices of all things filed in this case, by e-mail, through the Court's ECF system. K. Jin Lim was appointed the Chapter 7 Trustee in Stewart's case. On Stewart's Schedule A/B, she listed her ownership interest in property located at 1526 Virginia Park, Detroit, MI 48026 (the

"Property"), and stated that the current value of the Property was $20,000.00.[1]  On her Schedule C, Stewart claimed an exemption in the Property in the amount of $20,000.00, under 11 U.S.C. § 522(d)(1).[2]  The Trustee did not file any objection to Stewart's claimed exemptions.

On September 24, 2020, the Trustee filed an application for authority to employ Century 21 Curran & Oberski as a real estate broker, for the purpose of determining the value of the bankruptcy estate's interest in the Property, and marketing and selling the Property, "if it has sufficient equity" (the "Employment Application").[3]  On September 25, 2020, the Court entered an order granting the Trustee's Employment Application, and authorizing the Trustee to employ Century 21 Curran & Oberski as a real estate broker.[4]

On November 20, 2020, the Court entered an order granting Stewart a discharge under 11 U.S.C. § 727.[5]

On February 19, 2021, the Trustee filed a notice stating that assets would be administered in Stewart's bankruptcy case, and the Clerk issued a notice setting a deadline of May 20, 2021 to file claims (the "Notice").[6]  The Clerk's Notice was mailed to all creditors on February 24, 2021.[7]

---

[1]  *See* Docket # 1 in Case No. 20-48595 at pdf. p. 10.

[2]  *Id.* at pdf. p. 15.

[3]  *See* Docket # 18 in Case No. 20-48595 at ¶¶ 3-4.

[4]  Docket # 20 in Case No. 20-48595.

[5]  Docket # 25 in Case No. 20-48595.

[6]  Docket # 27 in Case No. 20-48595.

[7]  *See* Docket # 28 in Case No. 20-48595.

3

On October 4, 2021, the Plaintiff Trustee filed a two-count complaint to revoke the Debtor's discharge under 11 U.S.C. §§ 727(d)(1) (Count I), and 727(d)(2) (Count I[I]). The basis for both counts in the Plaintiff's complaint was Stewart's post-petition transfer by quit claim deed of the Property to Nathaniel Banner for $1,000.00 (the "Transfer").[8] As the Complaint alleges, the quitclaim deed was recorded on May 25, 2021.[9]

Stewart did not timely plead or otherwise respond to the Complaint, and on November 15, 2021, the Clerk entered a default against Stewart.[10] The Plaintiff Trustee now seeks a default judgment, revoking Stewart's discharge.

In the Supplement, the Plaintiff Trustee answers "No" to each of the two questions posed by the Court in its November 18 Order. After considering the matter, however, the Court concludes that the answer to each of the two questions it posed in its November 18 Order is "Yes."

## III. Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334(b), 157(a) and (b)(1), and Local Rule 83.50(a) (E.D. Mich.). As an adversary proceeding to revoke a debtor's discharge under 11 U.S.C. §§ 727(d)(1) and/or 727(d)(2), this is a core proceeding, under 28 U.S.C. § 157(b)(2)(J). The Plaintiff's claims in this adversary proceeding also are "core" because they fall within the definition of a proceeding "arising under title 11" and of a

---

[8] Compl. at ¶ 5.

[9] *Id.* Also on October 4, 2021, the Trustee filed an adversary complaint against Nathaniel Banner, seeking avoidance of the post-petition Transfer, and recovery of the Property under 11 U.S.C. §§ 549(a) and 550(a). (*See* Docket # 1 in Adv. No. 21-4211.)

[10] Docket # 9.

4

proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b).

Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings.

*See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009).

This matter is a proceeding "arising under title 11" because it is "created or determined by a

statutory provision of title 11," *id.*, namely, 11 U.S.C. §§ 727(d)(1) and 727(d)(2). And this

matter is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its]

very nature, could arise only in bankruptcy cases." *Id*.

## IV. Discussion

The Court cannot grant a default judgment for the Plaintiff, because her complaint fails to

state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) (applicable under Fed.

R. Bankr. P. 7012). Under the allegations pled by the Plaintiff, she fails to satisfy the

requirements to revoke Stewart's discharge under either 11 U.S.C. § 727(d)(1) or 11 U.S.C.

§ 727(d)(2). Plaintiff therefore is not entitled to a default judgment.

## A. Revocation of discharge under 11 U.S.C. § 727(d)(1)

Section 727(d)(1) states:

> (d) On request of the trustee, a creditor, or the United States trustee,
> and after notice and a hearing, the court shall revoke a discharge
> granted under subsection (a) of this section if--
>
> > (1) **such discharge was obtained through the
> > fraud of the debtor**, and the requesting party did
> > not know of such fraud until after the granting of
> > such discharge[.]

11 U.S.C. § 727(d)(1) (emphasis added). In its November 18 Order, the Court questioned

whether under the facts of this case, the Plaintiff Trustee could establish the "discharge . . .

5

obtained through fraud" element of § 727(d)(1). As noted above, the Court posed the following question:

> Should the Court decline to grant a default judgment on Count I of the Trustee's complaint (revocation of discharge based on 11 U.S.C. § 727(d)(1)), and instead dismiss that count, on the ground that the Debtor made the post-petition transfer at issue several months after she obtained her discharge, such that the transfer cannot be the basis for a claim that the Debtor obtained her discharge through fraud?

In the Supplement, the Plaintiff Trustee answered this question "No," relying on the case of *Scribner v. Bosket* (*In re Bosket*), 369 B.R. 106 (Bankr. W.D.N.Y), which case she alleges "has virtually the same facts as in this case."[11] The Court disagrees, however, and considers the facts in *Bosket* to be materially different from the facts in this case.

In *Bosket*, the court found that the debtor had transferred property of the bankruptcy estate with the fraudulent intent of hindering, delaying, and defrauding his creditors. The debtor made the transfer after he filed his voluntary Chapter 7 petition, but **before** his discharge was granted. The court also found that the debtor did not advise the trustee of the transfer, and the trustee did not learn of the transfer until after the debtor had been granted a discharge. The *Bosket* court found that these facts satisfied the requirement under 11 U.S.C. § 727(d)(1) that the debtor's discharge be obtained through fraud. *See Bosket*, 369 B.R. at 107-111.

Under the facts alleged in the complaint in this case, however, Stewart did not make the unauthorized post-petition Transfer until more than six months **after** the Court granted her a discharge. The mere fact that Stewart made that undisclosed Transfer at that time, without more, does not permit the Court to draw an inference that Stewart earlier obtained her discharge

---

[11] Supplement (Docket # 12) at 2.

"through fraud." Nor does the Plaintiff's complaint allege any other facts that might permit such

an inference. For example, the complaint does not allege that Stewart secretly formed a plan,

before she obtained her discharge, to make the unauthorized Transfer.

For these reasons, the complaint in this case fails to state a plausible claim for revocation

of discharge under § 727(d)(1).

## B. Revocation of discharge under 11 U.S.C. § 727(d)(2)

Section 727(d)(2) states:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–
. . .

> (2) **the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate,** and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]

11 U.S.C. § 727(d)(2) (emphasis added). Under this section,

> a party moving to revoke a debtor's bankruptcy discharge must establish the existence of two elements: (1) the debtor acquired or became entitled to property of the estate; and (2) the debtor knowingly and fraudulently failed to report or deliver this property to the trustee." *In re Walter*, 265 B.R. 753, 760–61 (Bankr.N.D.Ohio 2001); *In re Bowman*, 173 B.R. 922, 925 (9th Cir. BAP 1994).

*Sicherman v. Rivera* (*In re Rivera*), 338 B.R. 318, 325 (Bankr. N.D. Ohio 2006), *aff'd*, 356 B.R.

786 (B.A.P. 6th Cir. 2007). "This provision imposes a duty upon the debtor to report to the

trustee any acquisitions of property **after the filing of the petition**." 6 Collier on Bankruptcy

¶ 727.17[4] (16th ed. 2021) (emphasis added). "Both elements [of § 727(d)(2)] must be met and

7

the plaintiff must prove that the debtor acted with the knowing intent to defraud. *In re Yonikus*, 974 F.2d 901, 905 (7th Cir.1992)." *Bowman v. Belt Valley Bank* (*In re Bowman*), 173 B.R. 922, 925 (B.A.P. 9th Cir. 1994).

The Plaintiff Trustee argues that "revocation of discharge based upon a post-petition transfer of property of the estate is appropriate under 11 U.S.C. § 727(d)(2)."[12] But this is insufficient, without more.

The Plaintiff relies on *Seaver v. Markey* (*In re Markey*), 378 B.R. 594 (Bankr. D. Minn. 2007). But that case does not support the Plaintiff's position.

The facts in the *Markey* case are rather complicated, and the Court will describe them in detail. In *Markey*, a year after the debtor received a discharge, "the [d]ebtor obtained a loan in the principal amount of $100,000.00 and granted a mortgage against the home [in which she resided] to secure it. . . . The net proceeds of the loan, in the amount of $91,635.53, were disbursed to the [d]ebtor directly or to third parties on the [d]ebtor's account." *Markey*, 378 B.R. at 600, 611. The Chapter 7 trustee did not learn about the secured loan until the debtor had spent all of the proceeds from that loan. The entire value of the home was property of the debtor's bankruptcy estate. This was so because on her Schedule A, the debtor had listed the home and stated that the value was "0.00." *Id* . at 599. On her Schedule C, the debtor had again listed the value of the home as "0," and stated that the value of her exemption in the home was "'$0.00.'" *Id.* at 598-99. It appears that the debtor originally estimated the home as having zero value because the home was subject to a mortgage. But the mortgage on the home was later determined to be invalid in a state court lawsuit. Twice before the meeting of creditors, the

---

[12] Supplement (Docket # 12) at 3.

8

debtor's first attorney expressed to the trustee his intent to amend the debtor's homestead exemption to account for the significant equity in the property due to the invalidation of the mortgage on it.  But this amendment was not done until much later, as described below.

After learning about the state court invalidation of the mortgage on the home, the trustee objected to the debtor's claim of exemption "to obtain an adjudication under [*Soost v. NAH, Inc.* [(]*In re Soost*[)] , 262 B.R. 68 [(B.A.P 8th Cir. 2001)], that the value to be allowed as exempt was limited to the specific number in the recitations in the Debtor's original Schedule C."  *Id.* at 599.  The debtor failed to file any response to the objection, and the court sustained the objection and determined that "'[t]he [d]ebtor's claimed exemption of a homestead ... in the amount of '0.00' entitles her to nothing.'"" *Id.*

Despite the debtor's original attorney's expressed intent to file an amended Schedule C to amend the debtor's homestead exemption, he did not do so, and an amended Schedule C, amending the debtor's homestead exemption, was not filed until 44 months after the debtor learned about the problem with her homestead exemption.  The debtor's amended Schedule C was not filed until the debtor hired a different attorney to represent her in her bankruptcy case. *Id.* at 617-18.  The delayed filing of the amended Schedule C did not benefit the debtor because the court sustained on objection by the trustee to the amended exemption, based on the court's finding that the long dely in filing it constituted "bad faith" on the part of the debtor, and there would be prejudice to creditors if the court allowed the amendment.  *Id.* at 614-19.

The debtor also received tax refunds for two tax years that preceded her bankruptcy filing and spent all of the funds received, and the debtor also sold a snow blower attachment that she had not listed in her schedules and spent all of the proceeds from that sale.  The debtor also

9

failed to disclose multiple other assets she owned at the time she filed her petition.

Based on the debtor's acts and omissions, the trustee filed an adversary complaint to revoke the debtor's discharge. The *Markey* court held that "the [d]ebtor's dissipation of some of the cash proceeds from the tax refunds and the mortgage loan disbursement, and the full proceeds of the sale of the snowblower attachment, were failures to surrender property of the estate that were actionable under 11 U.S.C. § 727(d)(2)." *Markey*, 378 B.R. at 601.

The *Markey* court did not discuss the requirement under § 727(d)(2) that the debtor acquired or became entitled to property of the estate after filing the petition, presumably because that element was not disputed in the case. It appears that the court considered the first element under § 727(d)(2) satisfied by the debtor's acquiring, post-petition, proceeds of property of the bankruptcy estate, which proceeds were themselves property of the estate. Under 11 U.S.C. § 541(a)(6), "[p]roceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case" are also "property of the estate."

In *Markey*, such "proceeds" included the right to significant equity in the home that was created when the mortgage on it was declared invalid; the debtor's receipt of proceeds from the loan it took out post-petition secured by the home; and the debtor's receipt of money from tax refunds. All of these post-petition acquisitions by the debtor were of estate property because they were proceeds of property of the estate. The increased equity in the home and the money received from the post-petition mortgage loan were proceeds of the home which was property of the estate. The tax refund money was proceeds of the debtor's right to receive tax refunds which arose pre-petition.

Only the fraudulent intent element of § 727(d)(2) was disputed in *Markey*. The *Markey* court stated that "the only fact issue tried on [the trustee's] request for relief was whether the [d]ebtor had acted fraudulently when she disposed of the value of assets, or assets themselves[.]" *Markey*, 378 B.R. at 602. The *Markey* court stated that "a debtor's conduct is 'fraudulent' under § 727(d)(2) where the debtor is aware of the wrongfulness or impropriety of the disposition, deliberately fails to make disclosure to the trustee, and harbors a simple intent to go ahead in the disposition, whether it is directly for the debtor's benefit or not." *Id.* at 603. The *Markey* court then engaged in a fact-intensive analysis of the evidence in the record to determine if the debtor in that case had the requisite fraudulent intent when the debtor failed to surrender the estate assets to the trustee and dissipated those assets.

The *Markey* case does not support the Plaintiff Trustee's position in this case, that a mere post-petition transfer of estate property, alone, can be the basis for revoking a debtor's discharge under § 727(d)(2). Rather, that section requires that, first, there must be property of the estate that was acquired post-petition; and second, the debtor must have failed to report, deliver, or surrender that property to the trustee, with fraudulent intent.

The Transfer on which the Plaintiff's complaint is based is Stewart's post-petition transfer of the real estate, which Stewart owned pre-petition, which thus was property of the bankruptcy estate from the beginning. This Transfer cannot be the basis for a valid § 727(d)(2) claim, because Stewart did not acquire this real estate Property after filing the petition. Because Stewart acquired this Property pre-petition, her acquisition of it was not the acquisition of "property of the estate" — there was not yet any bankruptcy "estate" in existence when Stewart acquired the Property. Based on the allegations of the Plaintiff's complaint, the only property of

11

the estate that Stewart acquired, post-petition, was the $1,000.00 in proceeds she received from sale of the real estate Property.

That post-petition acquisition of property of the estate might be the basis for a § 727(d)(2) claim, but only if Stewart fraudulently failed to report the $1,000.00, or failed to deliver it or surrender it. But the complaint cannot fairly be read as having alleged any of these things. The Plaintiff's complaint does not contain any allegation regarding the failure of Stewart to report, deliver, or surrender to the Trustee the $1,000.00 in proceeds from the sale of the real estate Property. Nor does the complaint contain any allegation of fraudulent intent by Stewart in failing to report, deliver, or surrender the $1,000.00.

Because of these deficiencies in the Plaintiff's complaint, the complaint fails to state a plausible claim under § 727(d)(2).

Because the complaint does not allege a plausible claim, the Court will not grant a default judgment against Stewart based on the complaint. And the claims in the complaint must be dismissed. But the Court will give the Plaintiff Trustee an opportunity to file an amended complaint, to try to state a plausible claim for discharge revocation under §§ 727(d)(1) and/or 727(d)(2), consistent with this Opinion.

## C. The Court's rulings about § 727(d) do not leave the Plaintiff Trustee without a remedy for the Debtor Stewart's wrongful conduct.

Even if the Plaintiff Chapter 7 Trustee is unable to amend her complaint to state a plausible claim for revoking the Debtor Stewart's discharge under § 727(d), the Trustee is not without any remedy for Stewart's post-discharge misconduct. Rather, the following additional remedies are or may be available.

12

First, the post-petition Transfer at issue can be avoided under 11 U.S.C. § 549(a), as in fact it was, in Adversary Proceeding No. 21-4211.

Second, the Trustee can seek monetary relief against Stewart for any injury to the bankruptcy estate caused by her wrongful conduct, including the reasonable attorney fees the estate incurred in prosecuting the Trustee's action to avoid the Transfer, in Adversary Proceeding No. 21-4211. Such relief may be available, under the Court's inherent authority and under 11 U.S.C. § 105(a). *See, e.g.*, *In re Gorges*, 590 B.R. 771, 791-94 (Bankr. E.D. Mich. 2018) ("Federal courts, including bankruptcy courts, have the discretion to award attorney fees and expenses as a sanction for misconduct under their inherent authority" and "[t]he power granted in Section 105(a) carries with it the authority to 'award attorney fees as a sanction for misconduct.' *In re Mehlhose*, 469 B.R. 694, 711 (Bankr. E.D. Mich. 2012)."). And monetary relief also is available for actual damages caused by a willful violation of the automatic stay by a debtor (*e.g.*, a violation under 11 U.S.C. § 362(a)(3)). *See* 11 U.S.C. § 362(k)(1). Although the Plaintiff Trustee's complaint did not seek any monetary relief against the Debtor Stewart, the Trustee is not be precluded from seeking such relief, either in an amended complaint in this adversary proceeding or by filing an appropriate motion in the main bankruptcy case.

## V. Conclusion

For the reasons stated in this Opinion, the Court will enter an order that (1) denies the default judgment Motion; (2) dismisses both counts of the Plaintiff's complaint; and (3) grants Plaintiff leave to file an amended complaint within 14 days.

13

**Signed on December 9, 2021**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**